**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANIEL E. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-05-112-L |

**REPORT AND RECOMMENDATION**

Plaintiff Daniel E. Williams, appearing *pro se*, seeks judicial review of the final decision by the Defendant Commissioner denying Mr. Williams' application for disability insurance benefits. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record ("AR"). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be affirmed.

I.   Procedural History

Plaintiff filed his first application for disability insurance benefits on September 25, 2000, alleging an inability to work since May 14, 1999. AR 19. On November 17, 2000, Plaintiff's application was initially denied. AR 81. Plaintiff requested reconsideration of the initial denial, and on January 10, 2001, the denial of Plaintiff's first application was affirmed. AR 82. Plaintiff did not pursue further review of this disability claim.

Plaintiff filed a new application for disability insurance benefits in October 2001, alleging a disability date of May 16, 1999. AR 108-110. In his Disability Report, Plaintiff stated that he had sustained a back injury on May 14, 1999, and had undergone back surgery on June 7, 2000.[1] He stated that he is unable to work because of back pain. AR 127. Plaintiff's second application was denied initially and on reconsideration. AR 94-97, 99-101. Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ), and after consideration of the evidence, the ALJ issued a partially favorable decision, finding that Plaintiff's disability onset date is April 24, 2002. AR 20, 28. The Appeals Council denied Plaintiff's request for review. AR 6-9. Therefore, the decision of the ALJ is the final decision of the Commissioner.

## II.     The ALJ's Disability Determination

The ALJ first determined that Plaintiff's previous application for benefits would not be reopened because Plaintiff had not shown good cause to do so. Therefore, the ALJ found that the January 10, 2001, decision denying benefits is binding under the doctrine of *res judicata*. AR 20. Accordingly, the ALJ considered the period of time beginning on January 11, 2001, as the relevant period for determining whether Plaintiff is disabled, and if so, when he became disabled. The ALJ ultimately held that Plaintiff was disabled on April 24, 2002, but not before.

---

[1] On August 22, 2001, Plaintiff underwent another back surgery. AR 248-249.

The ALJ followed the sequential evaluation process required by 20 C.F.R. § 404.1520. He first determined that Plaintiff had not engaged in substantial gainful activity since May 16, 1999. AR 21, 28. At step two, the ALJ determined that Plaintiff suffers from a severe impairment: degenerative disc disease with residuals of multiple lumbar surgeries. AR 21, 28. At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations. AR 21-22, 28. At step four, the ALJ determined Plaintiff's residual functional capacity (RFC) both before and after April 24, 2002. The ALJ found that before April 24, 2002, Plaintiff retained the exertional RFC for a full range of light and sedentary work reduced by limitations in walking/standing (2 hours out of an 8-hour day). Further, Plaintiff was limited to occasional climbing of ramps and stairs and occasional bending, stooping, kneeling, crouching and crawling. AR 24. The ALJ found that beginning on April 24, 2002, Plaintiff was further limited to a ten-pound weight restriction for lifting, carrying, pushing, and pulling. Further, the ALJ found that Plaintiff would need alternate positions at thirty-minute intervals. Finally, the ALJ found that Plaintiff could only occasionally interact with co-workers and supervisors under routine supervision because of side effects of his medication. AR 25. The ALJ found that Plaintiff was unable to return to his past relevant work which consisted of medium and heavy exertional level jobs. AR 26, 29. At step five, based on the testimony of a vocational expert, the ALJ determined that before April 24, 2002, Plaintiff could have performed jobs such as clerical mailer and production assembler. AR 27. The ALJ found that after April

24, 2002, however, Plaintiff could do less than a full range of sedentary work activity significantly compromised by his inability to do sustained work-related physical activities in a work setting on a regular and continuing basis. Therefore, the ALJ found Plaintiff to be disabled as of April 24, 2002. AR 27, 29.

### III.    Plaintiff's Claim Raised on Appeal

Because he is proceeding *pro se*, this Court must liberally construe Plaintiff's claims. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991) ("The *Haines* rule applies to all proceedings involving a *pro se* litigant . . .."). *See also Lawton v. Barnhart*, 121 Fed. Appx. 364, 365 (Feb. 7, 2005) (applying *Haines* to appellate brief of *pro se* social security claimant) (unpublished op.).[2]

Plaintiff contends that he is entitled to disability benefits beginning in May 1999 because he has never been able to return to work since his accident.[3] Plaintiff alleges that the ALJ erred in improperly weighing the opinions of Plaintiff's treating physicians. Additionally, Plaintiff states that the ALJ incorrectly analyzed Plaintiff's claims of pain.

---

[2]This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

[3]Plaintiff is seeking "back pay," by which he means disability benefits paid retroactively to May 1999. Complaint at 5.

**IV.   Standard of Review**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* at 760 (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

**V.   Analysis**

Two time periods are relevant to Plaintiff's appeal. The first time period begins on May 16, 1999, Plaintiff's alleged onset date, and ends on January 10, 2001, the date Plaintiff's first application for disability insurance benefits was denied. The second period begins January 11, 2001, the day after his first application for benefits was denied, and ends

on April 24, 2002, the disability onset date as determined by the ALJ after considering Plaintiff's second application for disability insurance benefits.

The ALJ determined that denial of Plaintiff's first application precluded him from finding that Plaintiff's onset date was before January 11, 2001. Further, the ALJ declined to reopen Plaintiff's first case because Plaintiff had failed to show good cause for doing so.[4] The ALJ noted that "good cause" exists where there is new and material evidence. AR 20. *See* 20 C.F.R. §§ 404.988, 404.989.[5]

This Court lacks jurisdiction to consider the Commissioner's refusal to reopen a prior denial of benefits. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (per curium) ("[n]either the district court nor [the appellate] court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination [that] such claim is *res judicata*" (*citing Califano v. Sanders*, 430 U.S. 99, 107-09 ( 1977))). This Court cannot, therefore, consider either the ALJ's refusal to reopen the prior case or the merits of the

---

[4]Plaintiff states in his Reply [Doc. #17] that he did not appeal the denial of his first application because his retained counsel forgot to file the appeal during the 60-day period after administrative denial of his application. He states that he retained new counsel, but apparently no attempt was made to reopen the prior case.

[5]A determination or decision regarding disability insurance benefits may be reopened within twelve months of the date of the notice of the initial determination for any reason. 20 C.F.R. § 404.488. A determination or decision may be reopened within four years of the initial determination or decision for good cause. "Good cause" for reopening a determination or decision is narrowly defined in 20 C.F.R. § 404.989. A claimant must either furnish new and material evidence; show a clerical error in the computation or recomputation of benefits; or show error on the face of the decision. 20 C.F.R. § 404.989(a)(1)-(3).

agency's disability determination for the period beginning on May 16, 1999, and ending on January 10, 2001.

The ALJ found that Plaintiff's disability onset date was April 24, 2002, and awarded disability insurance benefits beginning on that date. Liberally construing Plaintiff's claims and following his reasoning to its logical conclusion, this Court must consider whether the ALJ's decision that Plaintiff was not disabled between January 11, 2001, and April 23, 2002, is supported by substantial evidence and free of legal error.

**Opinions of Treating Physicians**

Under the "treating physician rule," greater weight is generally given to the opinions of sources of information who have treated the claimant than of those who have not. *See Hackett*, 395 F.3d at 1173-1174 (*citing Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). First, the ALJ must determine whether the opinion of a treating source should be given controlling weight. *Id.* at 1174. After completing a sequential analysis, an ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted).

In this case, Plaintiff's treating physician, Dr. Barry Pollard, submitted a series of reports on Plaintiff's condition to American Interstate, the workers compensation insurer of Plaintiff's former employer. On March 12, 2001, Dr. Pollard referred Plaintiff to Dr. Cindy

Rogers for her evaluation of Plaintiff's current capabilities and recommendations. AR 291.

Dr. Rogers evaluated Plaintiff's functional capacity on May 30, 2001. AR 355-357. In her letter to Dr. Pollard, she stated:

> Based on the results of the Functional Capacity Evaluation, I do not believe that Mr. Williams is capable of returning to his previous duty. I believe he could perform light activities and could occasionally lift up to 20-25 pounds. I would not advise that he perform climbing activities in his work[,] and he should significantly limit any bending or stooping. Mr. Williams had difficulty tolerating walking activities[,] and I think that this would have to be significantly limited in his work.
>
> I am not sure whether restricted duty is available for Mr. Williams at his workplace but, if there is some type of restricted duty, I believe he could work with the aforementioned restrictions based on the Functional Capacity Evaluation. Hopefully, with time, Mr. Williams will be able to increase his activities at home and at work. If modified duty is not available at his workplace, I would recommend that a Vocational Rehabilitation Consultation be obtained in order to determine whether he has transferrable skills or if retraining is indicated.

AR. 356.

On June 19, 2001, Dr. Pollard wrote, "Based on [Dr. Rogers'] evaluation it is suggested that [Plaintiff] can safely sustain full time light level work. It is not suggested that he can return to his previous type of work and he needs to find a lighter duty occupation." AR 289.

On April 24, 2002, Dr. Rogers tendered another opinion regarding Plaintiff's ability to work:

> Mr. Williams has been under my care since March 28, 2001, for chronic back pain with associated bilateral radiculopathy which required surgical intervention, including L4 and L5 microdiscectomies, foraminotomies with

> interbody fusions at L4 and L5 with pedicle screw fixation at L4 and L5 in the sacrum. Although he has had some improvement, he continues to have back pain with associated bilateral leg pain and associated weakness in his left leg as a result of the back pain. His tolerance for activities is quite limited. Mr. Williams had difficulty sitting over 30 minutes at one time[,] and he has difficulty with prolonged standing or walking.
>
> In my opinion, Mr. Williams is not able to work an eight hour day, five days per week, due to his chronic back and leg pain with associated weakness in his left leg.

AR 372.[6]

The ALJ discussed each of these opinions as well as the rest of the medical evidence. Moreover, the ALJ apparently gave controlling weight to the opinions of these treating physicians. Relying on the June 19, 2001, opinion of Dr. Pollard, the ALJ concluded that Plaintiff was not disabled as of that date. AR 22. Likewise, the ALJ relied on a January 9, 2002 letter from Dr. Rogers to Dr. Pollard which stated that Plaintiff "will most likely be able to do primarily sedentary to light duty." AR 22, 347. By letter of March 27, 2002, Dr. Rogers stated that the results from the Functional Capacity Evaluation "revealed that [Plaintiff] could perform light activity with occasional lifting of 20-25 pounds[.]" AR 385. The ALJ relied on this opinion as well. AR 22, 24. Finally, the ALJ relied on Dr. Rogers'

---

[6]On November 29, 2004, over two years after the ALJ's decision, Plaintiff's attorney submitted a short note from Dr. Pollard to the Appeals Council. The note, dated November 24, 2004, stated, "Mr. Williams is totally disabled. He has been disabled since 5-14-99." AR 397. The Appeals Council stated, "Little weight is given to the opinion. The opinion is contradicted by earlier opinions of Dr. Pollard. In a report dated April 3, 2000, Dr. Pollard indicated that you would be able to perform lighter work. Dr. Pollard noted in a report dated June 19, 2001 that you completed a functional capacity evaluation by Dr. Rogers and based on the evaluation you can safely sustain full time light level work." AR 7.

April 24, 2002, letter when he found that Plaintiff's RFC would have to be adjusted as of that date. AR 23, 25. The adjustment in Plaintiff's RFC resulted in a finding that Plaintiff's disability onset date is April 24, 2002. AR 25. The ALJ's decision finding Plaintiff disabled as of April 24, 2002, is supported by substantial evidence in the record as a whole. In arriving at this decision, the ALJ afforded controlling weight to the opinions of Plaintiff's treating physicians, and this evidence is not overwhelmed by other evidence in the record.

### ALJ's Consideration of Plaintiff's Complaints of Pain

"A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.1993). Moreover, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* ( citations omitted).[7]

*Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), sets forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must demonstrate a pain-producing impairment. Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations of pain. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling. *Id.*, 834 F.2d at 163-164. "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162.

---

[7] It is undisputed that Plaintiff's back injury and subsequent surgeries constitute a pain-producing impairment.

"Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of pain testimony, the ALJ should consider such factors as: the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991) (quotation omitted).

In this case, the ALJ correctly followed the *Luna* framework in concluding that before April 24, 2002, Plaintiff was "afflicted with symptoms from a variety of sources to include mild to moderate chronic pain, variously described, that are of such sufficient severity so as to be noticeable to him at all times[.]" AR 24-25. The ALJ noted, however, that "'disabling pain must be so severe, by itself, or in conjunction with other impairments, as to preclude any substantial gainful employment'." AR 24 (*quoting Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988)). The ALJ did not discount all of Plaintiff's complaints of pain in reaching his decision that Plaintiff was not disabled before April 24, 2002. AR 25. The ALJ considered the opinions of Plaintiff's treating physicians, who had considered Plaintiff's pain in evaluating his functional capabilities during the time period in question, as well as Plaintiff's testimony at the administrative hearing and Plaintiff's reported daily activities. The ALJ

concluded that before April 24, 2002, Plaintiff would have been able to work because his pain was not so severe as to interfere with his ability "to remain attentive and responsive in a work-setting[.]" AR 25. The ALJ's finding regarding disability for the period of January 11, 2001, through April 23, 2002, is supported by substantial evidence in the record as a whole, and the Commissioner's decision comports with the appropriate legal standards.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by November 7th, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __18th__ day of October, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE