IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIEL E. WILLIAMS,                )
                                   )
               Plaintiff,        )
                                   )
v.                                 )   No. CIV-05-112-L
                                   )
JO ANNE B. BARNHART,                )
Commissioner of Social Security    )
Administration,                    )
                                   )
               Defendant.        )

## O R D E R

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits for the period May 16, 1999 through April 23, 2002. Although this is plaintiff's second application for benefits, it is his first appeal to this court. Plaintiff's first application was filed on September 25, 2000, alleging a disability onset date of May 14, 1999. Plaintiff's initial application was denied on November 17, 2000, and that denial was affirmed on January 10, 2001. Plaintiff did not seek judicial review of the January 10, 2001 Order; rather, on October 22, 2001, plaintiff filed a new application for disability insurance benefits, alleging a disability date of May 16, 1999. On October 4, 2002, an Administrative Law Judge ("ALJ") issued a partially favorable decision, finding plaintiff disabled as of April 24, 2002. The ALJ declined to reopen plaintiff's first application for benefits

and found the decision denying him benefits for the period May 16, 1999 to January 10, 2001 was entitled to preclusive effect.  The ALJ, however, found plaintiff was disabled beginning April 24, 2002, but not before.  This ruling became the final decision of the Commissioner when the Appeals Counsel denied plaintiff's request for review.

Plaintiff appealed to this court and pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Valerie K. Couch for initial decision.  On October 18, 2005, Judge Couch issued a Report and Recommendation recommending that the Commissioner's decision be affirmed.   In his timely filed objections, plaintiff takes issue with the ALJ's finding that he could perform gainful employment prior to April 24, 2002.  Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  In making this determination, the court must closely examine the record as whole.  See Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct

legal standards, or to show us that she has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objections thereto and the case file. Based on this review, the court concludes that the Commissioner's decision should be affirmed in part and reversed in part. As the Report correctly noted, this court cannot review the Commissioner's decision not to reopen plaintiff's initial application. The Commissioner's ruling that the January 10, 2001 decision was *res judicata* is therefore affirmed. The decision to deny plaintiff benefits for the period January 11, 2001 to April 23, 2002, however, must be reversed as the ALJ did not properly analyze plaintiff's non-exertional limitation of pain and the effect of medication taken to control that pain. Plaintiff's complaints of pain are well-documented and consistent with his medical impairments. The medical evidence, including plaintiff's use of prescription medication, substantiates not only his assertion of pain, but also that he is unable to function for an eight-hour work period. See Tr. at 52, 64-66; Tr. at 271 (Plaintiff's "responses indicate a perception of high pain and functional limitations. Generally, I feel there was a good correlation between his stated and observed pain and limitations. . . . I feel pain was the major limiting factor."). Although the ALJ found that "*[a]s of April 24, 2002*, the claimant's descriptions of his limitations are credible",[1] he presents no reasons for discounting plaintiff's

---

[1] Tr. at 28 (emphasis added).

3

complaints of pain prior to that date. While it is the ALJ's province to make credibility findings, the ALJ must still give reasons for those findings. See Huston v. Bowen 838 F.2d 1125, 1131 (10th Cir. 1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."). Moreover, the record evidence discloses plaintiff's serious attempts to deal with the pain, including taking the prescription drug Neurontin despite its severe side effects. Plaintiff testified:

> The Neurontin, since I started taking those we've gone from 100s, to 800s, to 400s, to 300s, to 600s to try to get it adjusted where I – it was causing me to go to the bathroom a tremendous amount of times when I was taking 3200 milligrams a day. There's times I'd go to the bathroom 25 times a day.
>
> * * *
>
> But now we got it down to where I'm taking, see 24 to 3000 milligrams a day and it's got the diarrhea down but I still, you know, where I can handle it, to where I feel like I can handle it. But I still spend a lot of time out of the day in the bathroom.

Tr. at 64-65. Although the vocational expert testified that these side effects would preclude any gainful work,[2] the ALJ appears to have factored this into the analysis only as of April 24, 2002 without providing any reason for that decision. It is not sufficient for the ALJ to merely state findings in a conclusory fashion; administrative

---

[2]The vocational expert testified that given these side effects "the individual would be unable to complete a normal work day or work week without interruptions from the exertional and non-exertional effects of medication." Tr. at 78.

agencies must give reasons for their decisions.  *See* Reyes v. Bowen 845 F.2d 242, 244 (10th Cir. 1988).

After full review of this matter, the court concludes that the Commissioner's decision to deny disability insurance benefits for the period January 11, 2001 to April 23, 2002 was in error.  The Commissioner's decision is therefore REVERSED.  This matter is REMANDED to the Commissioner for payment of benefits for that limited time period.  Judgment shall issue accordingly.

It is so ordered this 1st day of February, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge